COTTON vs. UNION BANK OF LOUISIANA.

EASTERN DIST.
May, 1840.

COTTON
vs.
UNION BANK OF
LOUISIANA.

APPEAL FROM THE COMMERCIAL COURT FOR THE CITY OF NEW-ORLEANS.

Possession of a negotiable note endorsed in blank, will authorize the holder to recover on it, when his authority is not specially denied, or the contrary shown.

The defendants cannot avail themselves of a defence against their liability to pay a certain sum, on the ground that the plaintiff's agent, who employed them, was indebted to them, when this matter is not specially pleaded. The plea of the general issue is not sufficient.

This is an action against the Union Bank of Louisiana, to recover the amount of a promissory note, which they failed to have protested in due time, and notice thereof given to the endorsers, by which they were released. The defendants pleaded a general denial.

The note is for one thousand dollars, signed by D. S. Parrish, payable to the order of J. P. Overton, and by him endorsed in blank. It was also endorsed by James Noe and Lewis Hord, with a special endorsement by J. E. Robins, cashier of the Commercial and Rail-road Bank of Vicksburg, to the cashier of the Union Bank of Louisiana, for collection.

The note was dated, New-Orleans, March 20, 1836, and payable four months after date ; but was not protested until the 28th July. The cashier of the Vicksburg Bank swears that he did not know who was the owner, but that Lewis Hord, the last endorser, put it in the Vicksburg Bank for collection, and it was sent in due time to the defendants, in New-Orleans, where it was dated.

The plaintiff sued as holder, but there was no evidence to show how he came in possession of it.

There was judgment against the defendants, for the amount of the note, and they appealed.

Peyton, for the plaintiff.

Labarre, contra.

Martin, J., delivered the opinion of the court.

47    VOL. XV.

EASTERN DIST.
*May*, 1840.

COTTON
*vs.*
UNION BANK OF
LOUISIANA.

The defendants are appellants from a judgment by which the plaintiff recovered the amount of a promissory note, which he alleges was sent to the defendants for collection, by his agent, the cashier of the Commercial and Rail-road Bank of Vicksburg ; and which was not protested in due time, by which the plaintiff lost his recourse against the endorsers who were at the time good and solvent.

The defendants do not deny their liability, but urge, that the plaintiff is a stranger to them, as they received the note from the bank at Vicksburg, for collection, and which is largely indebted to them.

The plaintiff's name is not on the note, and the testimony shows that it was lodged in the bank at Vicksburg, by one Lewis Hord, who now appears as the last endorser thereon : a special endorsement by the cashier of the Vicksburg Bank, to the cashier of the Union Bank, at New Orleans, on sending the note to the latter for collection, having been stricken out. There are two blank endorsements before that of Hord, the first of which was that of the payee. The plaintiff contends that his possession of the note with the blank endorsement of the payee, shows that he is the owner of it ; and that the evidence shows the Bank of Vicksburg received it solely for collection, and has no interest therein. His counsel, therefore, insists, that the Bank of Vicksburg, being without interest in the note, acted as the agents of the owner, and that by delivering the note to the plaintiff, they have recognized him as the owner. The argument drawn from the circumstance of the defendants being creditors of the Vicksburg Bank cannot avail them, because this was not pleaded, the defence being a general denial only. A witness swears that the Vicksburg Bank was indebted to the defendants at the time he deposes, but not before the inception of the suit, nor at the time the answer was filed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be affirmed, with costs.